NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0185n.06
Filed: December 20, 2004

**No. 03-6607**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

PATRICIA BURDEN, Administratrix of the )
Estate of Darrell Burden, )
           )
     Plaintiff-Appellant, )
           )
v. )   ON APPEAL FROM THE UNITED
           )   STATES DISTRICT COURT FOR THE
HARTFORD LIFE AND ACCIDENT )   WESTERN DISTRICT OF KENTUCKY
INSURANCE COMPANY, )
           )
     Defendant-Appellee. )

Before: NORRIS and COOK, Circuit Judges; BECKWITH, District Judge.[*]

COOK, Circuit Judge. Plaintiff Patricia Burden appeals the district court's grant of summary judgment for Defendant-Appellee Hartford Life and Accident Insurance Company on her deceased husband's ERISA action challenging a denial of disability benefits. Because Hartford did not abuse its discretion in denying benefits, we affirm the district court's decision.

I. Standard of Review

Where, as here, a disability insurance plan grants its administrator discretion to determine benefit eligibility, we review a denial of benefits under the arbitrary and capricious standard. *Yeager*

_____

[*]The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

*v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir. 1996). Though plaintiff argues for "heightened arbitrary and capricious review" because Hartford both funds and administers this plan, courts factor an insurer's dual role <u>into</u> its review under an arbitrary and capricious standard, rather than alter the standard. *Peruzzi v. Summa Med. Plan*, 137 F.3d 431, 433 (6th Cir. 1998).

## II. Burden's workers' compensation agreement.

According to plaintiff, because Hartford's letter denying benefits did not address a statement in a workers' compensation settlement agreement between Burden and his employer that Burden did "not retain the physical capacity to return to the same type of work he performed at the time of the injury," Hartford's decision was arbitrary and capricious. In its initial denial letter, Hartford did list the workers' compensation agreement among the materials it considered in making its decision. Plaintiff insists, however, Hartford was also required to state specifically why it disagreed with the unable-to-return-to work statement. We conclude that Hartford's detailed review of Burden's medical record rendered further discussion of the workers' compensation agreement unnecessary. *See Hurse v. Hartford Life & Accident Ins. Co.*, No. 02-5496, 77 Fed. Appx. 310, 318 (6th Cir. Sep. 26, 2003) (decision was not arbitrary and capricious where denial letter did not mention a Social Security Administration determination that plaintiff was disabled).

## III. Ex parte communication with the treating physician.

Burden also argues that an ex parte call to his treating physician by Hartford's independent medical expert evidences the arbitrary and capricious nature of Hartford's decision.

Even if improper, however, the other independent evidence identified by Hartford prevents labeling Hartford's decision arbitrary and capricious. For example, after reviewing the medical record, Hartford's physician concluded Burden's subjective complaints exceeded the symptoms one would expect from his diagnosed disease, carpal tunnel syndrome. Burden's treating physician also supported this conclusion, noting on Burden's application for disability benefits that his determinations of Burden's impairments were "based upon subjective complaints." Burden's treating physician also stated that Burden could work forty hours per week, with certain restrictions. In view of this evidence and other evidence Hartford reviewed, the ex parte communication with Burden's treating physician cannot be said to render Hartford's denial arbitrary and capricious.

We affirm.